UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:08-CR-074-GFVT-HAI-1 |
| V. | ) | |
| RANDALL K. PERKINS, | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 107.] Defendant Randall K. Perkins has been charged with three violations of his supervised release. *Id*. at 2–3.

On July 16, 2009, this Court sentenced Mr. Perkins to ninety-two months imprisonment for conspiracy to use interstate commerce facilities to commit murder-for-hire. [R. 87; R. 88.] He began his three-year term of supervised release on November 28, 2018. [R. 107 at 1.]

According to the Supervised Release Violation Report (the Report) issued by the USPO on February 22, 2019, Mr. Perkins was arrested in Knox County and charged with First Degree Trafficking in a Controlled Substance, Operating a Motor Vehicle Under the Influence of Drugs/Alcohol, and Reckless Driving. *Id*. at 1–2. The trafficking charge related to less than two grams of methamphetamine, and Knox County charged the crime as a second or greater offense, a Class C felony with a sentence of five to ten years. Ky. Rev. Stat. Ann. §§ 218A.1412(1)(e), 218A.1412(3)(b)(1), and 532.060(2)(c). Mr. Perkins's supervised release requires he not commit another state, federal, or local crime. [R. 88.] Violation #1 charges Mr. Perkins with violating this condition based on his trafficking charge, which is a Grade A violation because it is

punishable by a term of imprisonment over one year. [R. 107 at 1–2.] Violation #2 also charges him with violating his condition, but this time for his driving under the influence charge. *Id*. at 2. This is a Grade C violation. *Id*.

Magistrate Judge Hanly A. Ingram held an initial appearance on these violations on February 29, 2019, where Mr. Perkins knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id*. The United States moved for interim detention and Mr. Perkins requested a detention hearing. *Id*. On the day of the detention hearing, March 5, 2019, the USPO issued an Addendum to the report, adding a third violation related to his February Kentucky charges. *Id*. His conditions of supervised release also prohibit him from associating with a person convicted of a felony or engaged in criminal activity without permission from USPO. [R. 88.] Apparently, Mr. Perkins had a passenger the night he was arrested, and a search of his passenger determined she was in possession of methamphetamine and needles. [R. 107 at 3.] The passenger was arrested and charged with drug possession and trafficking. *Id*. Violation #3 charges a violation of his condition to avoid others engaged in criminal activity, a Grade C violation. *Id*.

So, on March 5, 2019, Judge Ingram also held an initial appearance on Violation #3. *Id*. Following initial appearance, Judge Ingram held a detention hearing, where Mr. Perkins argued for release. *Id*. After hearing evidence and argument, Judge Ingram determined Mr. Perkins did not meet the heavy defense burden imposed by § 3143 and remanded him to Marshal custody. *Id*.

At his final revocation hearing on July 16, 2019, the Government moved to dismiss Violation #2. *Id*. at 3–4. Mr. Perkins contested the other two violations. *Id*. at 4. Judge Ingram heard testimony from the Knox County sheriff's deputy who had arrested Mr. Perkins in

February, as well as his federal probation officer. [R. 104; R. 106.] The Government also introduced as evidence recorded jail calls made by Mr. Perkins. [R. 104.] Judge Ingram ruled that Violation #3 had been established by a preponderance of the evidence but took Violation #1 under advisement to review the jail calls. [R. 107 at 4.] On August 1, 2019, Judge Ingram reconvened the final hearing and found that Violation #1 had been established. *Id*. Neither party filed objections to this determination, and the time to do so has now expired. Fed. R. Crim. Pro. 59(b).

With Mr. Perkins's criminal history category of VI and a Grade A violation[1], Judge Ingram calculated his Guidelines Range to be thirty-three to forty-one months. [R. 107 at 5.] However, because the statutory maximum sentence is two years, Mr. Perkins's effective Range is twenty-four months. *Id*.; U.S.S.G. § 7B1.4(b)(1). The Government argued for the statutory maximum sentence, followed by twelve months of supervised release. [R. 107 at 9.] Mr. Perkins noted that the state charges were dismissed, so without the Class A charge, his Range would be eight to fourteen months. *Id*. at 10. However, he conceded that he had no strong argument against the Government's recommendation, only that this was Mr. Perkins's first violation. *Id*.

After consideration of the nature and circumstances of Mr. Perkins's conviction, as well as his history and characteristics, Judge Ingram recommended revocation. *Id*. at 12. He noted that Mr. Perkins has had a long and violent criminal history, and even now, he has been orchestrating drug trafficking from jail. *Id*. at 9. Mr. Perkins had only been released for three months before he was arrested again. Judge Ingram ultimately found that a statutory maximum

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.")

sentence would be appropriate here based on those circumstances. *Id*. at 10. His underlying conviction, solicitation of murder, is very serious, and he was granted leniency at his initial sentencing.[2] Citing all these concerns, Judge Ingram recommended a statutory maximum sentence of twenty-four months. *Id*. at 12. The Court agrees with this recommendation, and echoes Judge Ingram's concern about this egregious breach of the Court's trust.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections have been filed and the time to do so has now expired. Instead, Mr. Perkins has filed a waiver of allocution. [R. 109.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 107**] as to Defendant Randall K. Perkins, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Perkins is found **GUILTY** of Violation #1 and Violation #3;

---

[2] "Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." U.S.S.G. § 7B1.4 cmt. 4.

4

3. Upon the Government's motion, Violation #2 is **DISMISSED WITH PREJUDICE**;

4. Mr. Perkins's Supervised Release is **REVOKED;**

5. Mr. Perkins is hereby **SENTENCED** to a term of incarceration of **twenty-four (24) months** followed by **twelve years** of supervised release of under the conditions previously imposed; and

6. Judgment shall enter promptly.

This the 29th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge